ALBERS v. ROBERTS et al.

(Court of Civil Appeals of Texas. El Paso. Oct. 30, 1912.)

APPEAL AND ERROR (§ 560*)—RECORD—STATEMENT OF FACTS—FORM.

While it is the intention of this court to liberally construe the rules governing appeals, where a statement of facts, instead of stating the evidence in a succinct manner and without unnecessary repetition, as required by Acts 32d Leg. c. 119, and rules 72 to 78 for county courts (142 S. W. xxii, xxiii), contains 33 pages of questions and answers, apparently copied verbatim from the stenographer's notes, where the questions and answers could be reduced to narrative form without difficulty and without weakening the testimony, the statement will be stricken.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2490–2493; Dec. Dig. § 560.*]

Appeal from El Paso County Court; A. S. Eylar, Judge.

Action between A. K. Albers and J. B. Roberts and others. From the judgment, Albers appeals. On motion to strike out statement of facts. Motion granted.

Seymour Thurmond and S. P. Weisiger, both of El Paso, for appellant. Stanton & Weeks, of El Paso, for appellees.

McKENZIE, J. The statement of facts in this case consists of about 49 pages of typewritten matter, several pages of which are made up of letters, telegrams, and a contract. Thirty-three pages are made up of questions and answers, most of which appear to be verbatim copies of the stenographer's notes. The parties failed to agree to the statement of facts, and it appears that the trial judge approved same in the form as it was presented to him by the appellant. The appellee moves to strike out the statement of facts because same is not prepared in accordance with rules 72 to 78, both inclusive, which govern the county courts (142 S. W. xxii, xxiii), and Acts 32d Leg. p. 264.

By the act of the Thirty-Second Legislature it is required that the statement of facts shall consist of the evidence adduced upon the trial, both oral and by deposition, to be stated in a succinct manner and without unnecessary repetition. To the same effect are rules 72 to 78, both inclusive, prescribed by the Supreme Court to govern county courts. We have carefully examined the statement of facts, and are of opinion that all the questions and answers as copied therein could have been reduced to succinct statements in narrative form without difficulty, and without weakening any of the testimony. The statement of facts as presented to us is a flagrant violation of the rules governing the preparation thereof, and same should be stricken from the record. This court could not, if it so desired, disregard its duty in sustaining this motion, even though its action is one of discretion, because to disregard both the statute and the rules would be but a precedent and excuse to again on some future occasion to disregard both. We will now state, however, that it is the intention of this court to be liberal, and not technical, in construing the rules governing appeals, yet this liberality will not be indulged to the extent of overlooking flagrant violations. Warning to counsel is now made that it is always best to obey the rules, so as not to call for the exercise of this discretion. We repeat with approval the statement as made by Judge Fly in Campbell v. Prieto, 141 S. W. at page 807: "The rules are easy of observance, and counsel should avoid the hazard always assumed in violating one of them."

The motion to strike out the statement of facts is granted.